

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,077-01

**EX PARTE BRANDON MICKELLE HOWARD, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 071883-01-A-WR IN THE 47TH DISTRICT COURT FROM POTTER COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of fraudulent use or possession of identifying information and sentenced to sixty-five years' imprisonment. The Seventh Court of Appeals affirmed her conviction. *Howard v. State*, No. 07-17-00178-CR (Tex. App. — Amarillo March 20, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that trial counsel was ineffective because trial counsel failed to question venire members who stated that they had been victims of crimes similar

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

to that for which Applicant was on trial to find out whether those venire members would be subject to challenge for cause. Applicant alleges that trial counsel failed to challenge those venire members for cause or exercise peremptory strikes against those venire members. Applicant alleges that two of those venire members ended up on the jury, including one who became the foreman.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 13, 2021
Do not publish